UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: _____

| | |
|---|---|
| MARCIA DAVIS, on behalf of her minor child T.L., and DENISE ASHLEY and WILLIE WIGGINS, on behalf of their minor child M.W., | ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE WENDY'S COMPANY, WENDY'S INTERNATIONAL, LLC f/k/a WENDY'S OF N.E. FLORIDA, INC., JAE MIAMI DADE, LLC and ANDRICE (ULN), individually, | ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

## **COMPLAINT**

COMES NOW, MARCIA DAVIS ("Ms. Davis"), on behalf of their minor child T.L. ("T.L."), and DENISE ASHLEY ("Mrs. Ashley") and WILLIE WIGGINS ("Mr. Wiggins"), on behalf of their minor child M.W. ("M.W.") (collectively referred to as "Plaintiffs"), and sues the Defendants, THE WENDY'S COMPANY ("Wendy's Co."), WENDY'S INTERNATIONAL LLC f/k/a WENDY'S OF N.E. FLORIDA, INC. ("Wendy's Int'l"), JAE Miami Dade, LLC ("JAE") (collectively referred to as "Wendy's" and "Corporate Defendants") and ANDRICE ("Andrice") (collectively referred to as "Defendants") and allege the following:

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

1

## NATURE OF ACTION

1) This action arises out of Plaintiffs' employment relationship with the Corporate Defendants, during which Plaintiffs were subjected to race discrimination under 42 U.S.C. § 1981, as amended; Battery; Assault; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Negligent Retention; Negligent Training and Supervision; Negligence / Premises Liability; and General Negligence.

## JURISDICTION AND VENUE

2) The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 28 U.S.C. § 1367, 28 U.S.C. § 1343(a) (3) and (4), and 42 U.S.C.A. §1981 and 13981(e)(3).

3) Plaintiffs invokes this Court's jurisdiction over Defendants for their common law tort claims against them, individually, jointly, and severally, under 28 U.S.C.A § 1367(a).

4) Venue is proper under 28 U.S.C. § 1391 because the acts complained of by Plaintiffs occurred within this judicial district, Plaintiffs reside and resided in Broward County at the time of the acts complained of, and Defendants conduct business and engaged in providing restaurant services in Broward County, Florida. Employment records for T.L. and M.W. are stored and were administered in Broward County.

5) This is also an action for assault, battery, intentional infliction of emotional distress, negligent training and supervision, and negligent retention under Florida common law.

## PARTIES

6) At all times material, Ms. Marcia Davis ("Ms. Davis"), is and was the natural parent, mother and guardian of her minor child T.L. Ms. Davis resides in Broward County, Florida.

7)      At all times material, Plaintiff T.L. was a minor child, and is and was a resident of Broward County, Florida, with her guardian parent Ms. Davis.

8)      At all times material, Mrs. Denise Ashley (Mrs. Ashley") and Mr. Willie Wiggins ("Mr. Wiggins"), are and were the natural parents of their minor child M.W. Mrs. Ashley is the mother and guardian of minor daughter M.W. Both Mrs. Ashley and Mr. Wiggins reside in Broward County, Florida.

9)      At all times material, Plaintiff M.W. was a minor child, and is and was a resident of Broward County, Florida, with her guardian parent Ms. Ashley.

10)     At all times material hereto Defendant THE WENDY'S COMPANY was a Foreign Corporation, and conducted business and maintained operations under the laws of the state of Florida and in Broward County, Florida as a franchise through Defendant WENDY'S INTERNATIONAL LLC f/k/a WENDY'S OF N.E. FLORIDA, INC., JAE MIAMI DADE, LLC, and ANDRICE (ULN), Individually, at 17331 Pines Boulevard, Pembroke Pines, FL 33029.

11)     At all times material hereto Defendant WENDY'S INTERNATIONAL LLC f/k/a WENDY'S OF N.E. FLORIDA, INC. was a Foreign Corporation, conducted business and maintained operations under the laws of the state of Florida and in Broward County, Florida as a franchise restaurant, at 17331 Pines Boulevard, Pembroke Pines, FL 33029.

12)     At all times material hereto Defendant JAE MIAMI DADE, LLC, was a Foreign Corporation, conducting business and maintaining operations under the laws of the state of Florida and in Broward County, Florida as a franchise restaurant, at 17331 Pines Boulevard, Pembroke Pines, FL 33029.

13)     Defendant ANDRICE (ULN) is, and at all times mentioned was, a resident of and conducting business in Broward County, Florida.

14)     At all times material, Plaintiffs T.L. and M.W. were each a "person" as defined by Fla. Stat. §760.02. Plaintiffs specifically incorporate the definitions of "employee" and "person."

15)     At all times material, Defendants were a "person" and an "employer" as defined by Fla. Stat. §760.02. Plaintiffs specifically incorporate the definitions of "person" and "employer."

16)     The acts or omissions giving rise to this Complaint occurred in whole or in part in Broward County, Florida.

17)     Plaintiffs retained the undersigned counsel in order that their rights and interests may be protected. Plaintiffs have become obligated to pay the undersigned reasonable attorneys' fees.

18)     Plaintiffs have complied with all conditions precedent in filing this action. Any other applicable conditions precedent to bringing this action have occurred, been performed, or been excused before the filing of this lawsuit.

19)     The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations.

20)     The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Corporate Defendants are joint employers.

21)     Each Corporate Defendant is sued individually, as joint employers, and as agent of each other.

22)    At all times relevant, Plaintiff was in a contractual relationship with Defendants within the meaning of 42 U.S.C. § 1981, as amended.

## FACTUAL ALLEGATIONS

23)    Plaintiff Marcia Davis is a nurse and is the natural parent and guardian of T.L., who is a minor female child.

24)    Mrs. Ashley is a law enforcement (correctional) officer and is the natural parent and guardian of M.W., who is a minor female child.

25) Plaintiffs T.L. and M.W. are hardworking, highly intelligent, honor roll high-school students. T.L. is a young girl, who proudly acquired her first job working for Wendy's during October 2020. M.W. is a young girl, who proudly acquired her first job working for Wendy's on or about February 20, 2021.

26) T.L. is a 17-year-old Black female, of Jamaican and Bahamian ancestry.  During her employment with Wendy's, T.L. was 16 and 17 years old.

27) M.W. is a 17-year-old Black female, of Bahamian ancestry. During her employment with Wendy's, M.W. was 16 years old.

28) During all relevant times, T.L. and M.W. worked as an Associate/ Cashier for Wendy's located at 17331 Pines Boulevard, Pembroke Pines, FL 33029. The Corporate Defendants kept surveillance cameras at this Wendy's restaurant.

29) As an Associate/ Cashier, T.L. and M.W. were required to clean, take customer food orders and prepare food orders. They worked approximately forty (40) hours per week and were compensated at $9.00 per hour.

30) T.L. and M.W. were supervised by managers Lidy (ULN) and Andrice (ULN) and

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

General Manager Steve.

31) Manager Lidy is an adult female, and Manager Andrice and General Manager Steve are adult males.

32) Throughout Plaintiff T.L.'s employment, she performed successfully in her position.

33) Throughout Plaintiff M.W.'s employment, she performed successfully in her position.

34) Despite T.L. and M.W.'s job performance, they were constantly criticized and harassed by Manager Andrice.

35) Soon after becoming employed with Wendy's, T.L. noticed that Manager Andrice was abusive only toward the three (3) young Black girls that worked for Wendy's, including herself.

36) After M.W. began working for Wendy's she too noticed that Manager Andrice treated the 3 young Black girls different than he did male and adult employees.

37) Particularly, Manager Andrice micromanaged T.L. and M.W.'s work, constantly made derogatory, disparaging, and degrading comments to T.L. and M.W., and repeatedly questioned their intelligence.

38) Manager Andrice, on a daily basis, expressed negative sentiments and dislike toward T.L., M.W., and the other young Black girl, by yelling at them in front of other employees and customers. Manager Andrice would explicitly state to T.L. and M.W. that they were a "Stupid Ass!" or "Fucking Stupid!" and would say to them "Are you slow?!" and "Fuck you!". Additionally, Manager Andrice would call T.L. and M.W. liars and speak to them using other intimidating and offensive language such as "fuck" and "shit". T.L. and M.W. observed that Manager Andrice did not speak this way to employees who were not young, Black, and female.

Andrice's aggressive speech and conduct toward Plaintiffs T.L. and M.W. was extreme, outrageous and shocking, and caused the girls severe anxiety and emotional distress.

39) Manager Andrice would also constantly, offensively, and sexually touch T.L. and M.W. by causing the lower half of his body, below his waist, to touch and rub up against the hip area of their body, under the guise of reaching for an item. T.L. and M.W. did not welcome Manager Andrice to touch their bodies and were extremely uncomfortable every time it happened. The occurrence and anticipation of the inappropriate physical contact created a very stressful work environment for Plaintiffs T.L. and M.W.

40) Additionally, Manager Andrice made inappropriate sexual statements to M.W. On one occasion, Manager Andrice, stated to M.W., "I don't get coochie. I take it." Manager Andrice made these statements to M.W. in the presence of another employee. M.W. was immediately scared and feared that Manager Andrice would sexually assault her, or worse.

41) Manager Andrice's conduct toward Wendy's employees who were minor girls, particularly T.L. and M.W., was unwelcomed, abusive and sufficiently severe and pervasive as to alter the terms and conditions of Plaintiffs' employment with Defendants and to create an abusive working environment.

42) The severity and pervasiveness of Defendants' conduct toward Plaintiffs T.L. and M.W. substantially worsened overtime, creating a hostile work environment.

43) T.L. and M.W. constantly complained to Manager Andrice, Manager Lidy and General Manager Steve about Manager Andrice's conduct, and the way that Manager Andrice spoke to and treated them and the other minor female employees. T.L. and M.W. were ignored by the managers and nothing was done.

RAND LAW, LLC AND SAENZ & ANDERSON, PLLC
CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

44) T.L.'s mother, Ms. Davis, also called Wendy's to complain about Manager Andrice's aggressive conduct toward her daughter T.L. During or around February 2021, Manager Andrice yelled at T.L. and made her clock out, one hour into her shift because he told T.L. to "drop the bread" and she responded that she would after she finished preparing a customer's order. Ms. Davis called and spoke to Manager Andrice, after her daughter arrived home visibly upset, crying, hours before she expected her return. During the brief conversation with Manager Andrice, he stated to Ms. Davis that T.L. needed to do *whatever he tells her to* do. Manager Andrice's comment made Ms. Davis uncomfortable, but when she questioned what he meant by his statement, Manager Andrice hurriedly ended the phone call. Before Manager Andrice abruptly ended the phone call, Ms. Davis requested that he refrain from his aggressive interaction with her daughter. Unfortunately, Manager Andrice behavior toward T.L. never ended, Ms. Davis' complaints were ignored, and nothing was done.

45) M.W.'s father, Mr. Wiggins, also called the restaurant to complain about Manager Andrice's aggressive conduct toward his daughter. On one occasion, Manager Andrice responded to a customer's complaint that her fries were cold, by biting the French fry and stuffing the bitten french fry, presumably containing Andrice's saliva, in M.W.'s hand. Using inappropriate language, as described in paragraph #38 of this Complaint, Andrice directed M.W. to get the customer hot french fries. M.W. was embarrassed, humiliated and belittled in front of the customer. Furthermore, M.W. was disgusted by Manager Andrice's conduct and gravely concerned, given the pandemic, that Manager Andrice had exposed her to COVID-19. M.W. immediately told her father about the french fry incident. Mr. Wiggins instantly went to his daughter's job and spoke to General Manager Steve. During the discussion, Mr. Wiggins clearly requested that someone speak

to Manager Andrice about the way he was treating and interacting with the children that work there, and further requested that Manager Andrice's aggressive conduct toward his daughter M.W. immediately cease. General Manager Steve specifically requested that MW's father not contact corporate and to allow him to handle the situation. Unfortunately, Manager Andrice behavior toward M.W. never ended, Ms. Wiggins' complaints were ignored, and nothing was done.

46) Each time, T.L., M.W., and their parents complained to Defendants, they were ignored. Rather than refraining from mistreating Plaintiffs T.L. and M.W., Andrice continued in an ongoing fashion.

47) Each day, Defendants' conduct toward Plaintiffs T.L. and M.W. worsened.

48) Then, Manager Andrice physically abused T.L. and M.W. On March 26, 2021 Manager Andrice pushed T.L., and when T.L. pushed him away in an attempt to defend herself, Manager Andrice began beating T.L. by repeatedly hitting T.L. in the face. Manager Andrice continued to hit T.L. until she was rescued by her co-worker, M.W.

49) M.W. witnessed Manager Andrice shove T.L. with his forearm. M.W. witnessed that when T.L. tried to defend herself by pushing back, Manager Andrice began repeatedly hitting T.L. in the face, causing her glasses to fly off. M.W. then tried to break up the fight by extending her arm in the middle of Manager Andrice and T.L., at which time Manager Andrice stopped hitting T.L. and started hitting M.W. Manager Andrice kept hitting M.W. until an adult male co-worker, came to T.L. and M.W.'s rescue and made Manager Andrice stop.

50) T.L. and M.W. were beaten by Manager Andrice in the presence of other management,

co-workers, and customers. Physically, T.L. and M.W. suffered multiple scratches, bruises, and other injuries. Additionally, T.L. suffered injury to her mouth and her lips were cut by her braces as a result of Andrice hitting her in the mouth.

51) Mentally and emotionally, T.L. and M.W. suffered and continues to suffer from severe emotional trauma and distress.

52) Wendy's was immediately informed that Manager Andrice beat T.L. and M.W.

53) To the best of Plaintiffs' knowledge, Manager Andrice remains employed with Wendy's.

54) Plaintiffs have informed Wendy's that T.L. and M.W. are afraid to work with Manager Andrice.

55) By continuing to employ Manager Andrice, the Corporate Defendants constructively discharged T.L. and M.W. as of or around March 26, 2021.

56) As is evident, Wendy's has a corporate culture of condoning, proliferating and ratifying racism. For example, in 2015 in Colorado, a woman took two minor children to a Wendy's and an employee placed a deck of cards in a child's meal containing profanities including racial slurs like the "N-word." When she brought it to the White male manager's attention, he stated there was nothing he could do about it. Then, the White male manager refused to return the card to the mother and called the police on her. Also, on January 3, 2020, Derrick Cage was in a Wendy's in New Mexico and had the word "Darkie" written on his receipt by a manager and he filed a lawsuit for racial discrimination.

## COUNT I: BATTERY AGAINST INDIVIDUAL DEFENDANT

57) Plaintiffs repeats and re-alleges paragraphs 1 – 25, 29 – 36 and 48 - 51 as if fully

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**
CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS
10

stated herein.

58) On March 26, 2021, when Manager Andrice beat T.L. and M.W. by repeatedly hitting them, as described in paragraphs 48 through 50, he acted intending to cause harmful or offensive contact with T.L. and M.W., or an imminent apprehension of such contact.

59) Plaintiffs did not welcome Manager Andrice to hit them, and therefore, Manager Andrice engaged in unwelcomed and actual offensive contact with T.L. and M.W.

60) Plaintiffs have been damaged as a result of the intentional and offensive contact perpetrated by Manager Andrice.

61) Manager Andrice's acts were done knowingly, willfully, and with malicious intent, and Plaintiffs is therefore entitled to punitive damages in an amount to be determined by proof at trial.

**WHEREFORE**, Plaintiffs requests that this Honorable Court:

a.  Award damages for Plaintiffs' past and future lost earnings;

b.  Award Plaintiffs compensatory damages for emotional distress, embarrassment and humiliation;

c.  Award a monetary judgment representing prejudgment interest;

d.  Award Plaintiffs punitive damages;

e.  Award any other compensation allowed by law; and

f.  Grant Plaintiffs such other and further relief as this court deems equitable and just.

### JURY TRIAL DEMAND

Plaintiffs requests a trial by jury on all issues triable in each count of this Complaint.

### COUNT II: SEXUAL BATTERY AGAINST INDIVIDUAL DEFENDANT

62) Plaintiffs repeat and re-allege paragraphs 1 – 25, 29 – 36, and 39 as if fully stated

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

11

herein.

63) When, throughout T.L. and M.W.'s employment with Wendy's from October 2020 through on or about March 26, 2021, Manager Andrice would touch and rub up against T.L. and M.W.'s body, under the guise of reaching for an item, Manager Andrice acted intending to cause sexual, harmful, or offensive contact with T.L. and M.W., or an imminent apprehension of such contact.

64) Manager Andrice, by touching T.L. and M.W. below their waist, in their hip area, engaged in actual offensive contact with T.L. and M.W.

65) T.L. and M.W. did not consent to Manager Andrice's conduct toward them.

66) As a direct and proximate result of Manager Andrice's unwelcomed, intentional and offensive touching of T.L. and M.W., alleged above, Plaintiffs have been damaged. T.L. and M.W. now suffer from mental anguish, loss of capacity for the enjoyment of life, loss of earnings and the loss of ability to earn money. The losses are either permanent or continuing, and Plaintiffs will suffer the losses in the future.

67) Manager Andrice's acts were done knowingly, willfully, and with malicious intent, and Plaintiffs is therefore entitled to punitive damages in an amount to be determined by proof at trial.

**WHEREFORE**, Plaintiffs requests that this Honorable Court:

a) Award damages for Plaintiffs' past and future lost earnings;

b) Award Plaintiffs compensatory damages for emotional distress, embarrassment and humiliation;

c) Award a monetary judgment representing prejudgment interest;

d) Award Plaintiffs punitive damages;

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**
CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS
12

e)   Award any other compensation allowed by law; and

f)   Grant Plaintiffs such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiffs requests a trial by jury on all issues triable in each count of this Complaint.

## COUNT III: ASSAULT AGAINST INDIVIDUAL DEFENDANT

68) Plaintiffs DENISE ASHLEY and WILLIE WIGGINS, on behalf of their minor child M.W., re-state and re-allege paragraphs 1 – 25, 29 – 36 and 39 - 40 as if set forth in full herein.

69) During M.W.'s employment, Manager Andrice made inappropriate sexual statements to M.W., including but not limited to his statement, "I don't get coochie. I take it."

70) Manager Andrice's statement placed M.W. in imminent fear of an unwelcomed, intentional and offensive sexual touching of her body by Manager Andrice.

71) M.W. has been damaged by Manager Andrice's inappropriate and intimidating sexual statements. M.W. now suffers from mental anguish, loss of capacity for the enjoyment of life, loss of earnings and the loss of ability to earn money. The losses are either permanent or continuing, and M.W. will suffer the losses in the future.

72) Manager Andrice's acts were done knowingly, willfully, and with malicious intent, and M.W. is therefore entitled to punitive damages in an amount to be determined by proof at trial.

**WHEREFORE**, DENISE ASHLEY and WILLIE WIGGINS, on behalf of their minor child M.W. requests that this Honorable Court:

a)   Award damages for Plaintiff M.W.'s past and future lost earnings;

b)   Award Plaintiff M.W.'s compensatory damages for emotional distress, embarrassment and humiliation;

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

c) Award a monetary judgment representing prejudgment interest;

d) Award Plaintiff M.W. punitive damages;

e) Award any other compensation allowed by law; and

f) Grant Plaintiff M.W. such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiffs DENISE ASHLEY and WILLIE WIGGINS, on behalf of their minor child M.W., requests a trial by jury on all issues triable in each count of this Complaint.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ANDRICE

73) Plaintiffs repeat and re-allege paragraphs 1 through 56 as if fully stated herein.

74) Manager Andrice's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result.

75) Manager Andrice's conduct was unwelcomed, invasive, persistent, and so outrageous, that his conduct toward T.L. and M.W. surpassed all bounds of decency and is regarded as odious and utterly intolerable in a civilized community.

76) Manager Andrice's conduct toward T.L. and M.W. caused T.L. and M.W. to suffer severe emotional distress that has had a physical impact on T.L. and M.W.

77) The outrageous conduct portrayed by Manager Andrice, was directed at T.L. and M.W. in the course and scope of employment.

78) As a direct and proximate result of the outrageous acts described herein, T.L. and M.W.

sustained mental pain and suffering, emotional distress, mental anguish, inconvenience and loss of capacity for the enjoyment of life, and loss of earnings and the loss of ability to earn money.

79) Manager Andrice's acts were done knowingly, willfully, and with malicious intent, and Plaintiffs is therefore entitled to punitive damages in an amount to be determined by proof at trial.

**WHEREFORE**, Plaintiffs requests that this Honorable Court:

a. Award Plaintiffs compensatory damages for embarrassment, anxiety, humiliation and emotional distress Plaintiffs have and continues to suffer;

b. Award Plaintiffs monetary judgment representing prejudgment interest;

c. Award Plaintiffs punitive damages;

d. Award any other compensation allowed by law; and

e. Grant Plaintiffs such other and further relief as this court deems equitable and just.

### JURY TRIAL DEMAND

Plaintiffs requests a trial by jury on all issues triable in each count of this Complaint.

### COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST CORPORATE DEFENDANTS

80) Plaintiffs repeats and re-alleges paragraphs 1 through 56 as if fully stated herein.

81) Corporate Defendants owed T.L. and M.W. a ministerial, operational, and non-discretionary duty to take reasonable precautions to protect T.L. and M.W., and other employees similarly situated to Plaintiffs T.L. and M.W., from harassment, abuse, and discrimination that can be reasonably anticipated.

82) Corporate Defendants negligently failed to protect T.L. and M.W. from harassment,

abuse, and discrimination as more fully described above, in paragraphs 23 through 56, that could have been reasonably anticipated.

83) Throughout T.L. and M.W.'s employment with Corporate Defendants, Manager Andrice inflicted sexual battery upon T.L. and M.W. and subjected T.L. and M.W. to an abusive and hostile work environment. T.L. and M.W. also complained to Manager Andrice and General Manager Steve.

84) During the course of the employment of Manager Andrice, Corporate Defendants became aware or should have become aware of Manager Andrice's unlawful behavior toward Plaintiffs T.L. and M.W. and other Wendy's employees who were young girls.

85) Specifically, T.L. and M.W. complained multiple times, in detail to Managers Andrice and Lidy and to General Manager Steve, who are agents of the Corporate Defendants.

86) In addition, the Corporate Defendants should have seen the recordings of Manager Andrice's offensive and abusive behavior toward T.L. and M.W. and the other Wendy's employees who were young girls.

87) Corporate Defendants' negligent failure to protect T.L. and M.W. from harassment, abuse, and discrimination was done in bad faith.

88) As a result of Corporate Defendants' negligence, T.L. and M.W. have experienced severe and extreme emotional distress that has had a physical impact upon T.L. and M.W.

89) Plaintiffs request that the Court award compensatory damages in an amount to be determined according to proof by Plaintiffs against all Defendants in their individual capacities.

**WHEREFORE**, Plaintiffs requests that this Honorable Court:

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**
CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

a)  Award Plaintiffs compensatory damages for embarrassment, anxiety, humiliation and emotional distress Plaintiffs have and continues to suffer;

b)  Award Plaintiffs monetary judgment representing prejudgment interest;

c)  Award Plaintiffs punitive damages;

d)  Award Plaintiffs costs, expenses, reasonable attorneys' fees and any other compensation allowed by law; and

e)  Grant Plaintiffs such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiffs requests a trial by jury on all issues triable in each count of this Complaint.

## COUNT VI: NEGLIGENT TRAINING AND SUPERVISION
## AGAINST CORPORATE DEFENDANTS

90) Plaintiffs repeats and re-alleges paragraphs 1 through 56 as if fully stated herein.

91) Corporate Defendants, during the times mentioned was, and now is, engaged in the restaurant business.

92) At all times relevant herein, Manager Andrice, was an employee, agent, and / or representative of Corporate Defendants and was charged by Corporate Defendants with supervising T.L. and M.W.

93) Throughout T.L.'s and M.W.'s employment with Corporate Defendants, Manager Andrice inflicted battery, harassment, assault, extreme emotional distress and discriminatory treatment upon T.L. and M.W. and subjected to T.L. and M.W. to an abusive and hostile work environment.

94) Corporate Defendants was negligent in failing to adequately train and supervise their

employees, including Manager Andrice. Corporate Defendants' negligent failure to train and supervise was done in bad faith.

95) As a result of Corporate Defendants' negligence, T.L. and M.W. were deprived of the benefits of their employment as a Wendy's Associate / Cashier and suffered physical and emotional injuries alleged in the complaint, as more fully described in paragraphs 23 through 56.

96) Despite knowing about Manager Andrice's unlawful actions, Corporate Defendants failed to take action. Upon information and belief, Plaintiffs understand that Corporate Defendants did not admonish Manager Andrice, nor did the Corporate Defendants, fire, suspend, reprimand, or investigate this employee. Instead, Corporate Defendants fired or constructively discharged T.L. and M.W.

97) As a result of Corporate Defendants' actions, T.L. and M.W. have been damaged.

98) Plaintiffs request that the Court award compensatory damages in an amount to be determined according to proof by Plaintiffs against Corporate Defendants

**WHEREFORE**, Plaintiffs requests that this Honorable Court:

    a. Award Plaintiffs compensatory damages for emotional distress, embarrassment, and humiliation;

    b. Award a monetary judgment representing prejudgment interest on his damages award;

    c. Award any other compensation allowed by law;

    d. Grant Plaintiffs such other and further relief as this court deems equitable and just.

**JURY TRIAL DEMAND**

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**
CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

18

Plaintiffs requests a trial by jury on all issues triable in each count of this Complaint.

## COUNT VII: NEGLIGENT RETENTION AGAINST CORPORATE DEFENDANTS

99) Plaintiffs repeats and re-alleges paragraphs 1 through 56 as if fully stated herein.

100)    Corporate Defendants, during the times mentioned was, and now is, engaged in the restaurant business.

101)    At all times relevant herein, Manager Andrice, was an employee, agent, and /or representative of Corporate Defendants and was charged by Corporate Defendants with supervising T.L. and M.W.

102)    Upon information and belief, Manager Andrice is, to this date, an employee of the Corporate Defendants.

103)    Throughout T.L. and M.W.'s employment with Corporate Defendants, Manager Andrice was negligent in that he inflicted sexual assault and battery upon Plaintiffs T.L. and M.W. and subjected to Plaintiffs T.L. and M.W. to a discriminatory, abusive and hostile work environment.

104)    During the course of Manager Andrice's employment, Corporate Defendants became aware or should have become aware of Manager Andrice's unlawful behavior toward T.L., M.W., and other Wendy's employees who were young girls.

105)    Specifically, Plaintiffs complained in detail to Managers Andrice and Lidy and to General Manager Steve, who are employees, agents and/or representatives of the Corporate Defendants.

106)    In addition, the Corporate Defendants should have seen the recordings of Manager

Andrice's offensive and abusive behavior toward T.L., M.W., and the other Wendy's employees who were young girls.

107)   Despite knowing about Manager Andrice's unlawful actions, Corporate Defendants failed to take action. Upon information and belief, Plaintiffs understand that Corporate Defendants did not admonish Manager Andrice, nor did the Corporate Defendants, fire, suspend, reprimand, or investigate these employees. Instead, Corporate Defendants fired or constructively discharged T.L. and M.W.

108)   Corporate Defendants were careless and negligent in retaining Manager Andrice as an employee and in permitting him to work for Corporate Defendants when Corporate Defendants knew, or by adequate investigation, could have known, that Manager Andrice tended to discriminate against Plaintiffs T.L. and M.W., and to engage in sexual assault, battery, and other inappropriate and aggressive behavior against employees such as T.L. and M.W., and that by doing so, he could harm T.L. and M.W. or other citizens similarly situated to her.

109)   As a result of Corporate Defendants' actions, T.L. and M.W. have been damaged. T.L. and M.W. suffered bodily injuries and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, loss of earnings and loss of ability to earn money. T.L. and M.W. have suffered losses that are either permanent or continuing, and Plaintiffs will suffer the losses in the future.

**WHEREFORE**, Plaintiffs requests that this Honorable Court:

a) Award Plaintiffs compensatory damages for emotional distress, embarrassment, and humiliation;

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**
CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS
20

b)  Award a monetary judgment representing prejudgment interest on his damages award;

c)  Award any other compensation allowed by law;

d)  Grant T.L. such other and further relief as this court deems equitable and just.

## **JURY TRIAL DEMAND**

Plaintiffs requests a trial by jury on all issues triable in each count of this Complaint.

## **COUNT VIII: NEGLIGENCE/PREMISE LIABILITY**
## **AGAINST CORPORATE DEFENDANTS**

110)   Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 56 above as if set out in full herein.

111)   At all times material hereto, Corporate Defendants owned and/or was in control, possession of the subject premises located at: 17331 Pines Blvd., Pembroke Pines, Florida 33029.

112)   As property owners, Corporate Defendants owed a duty to Plaintiffs to maintain the premise in a reasonably safe condition and to warn them against concealed perils pursuant to the laws of the State of Florida.

113)   Corporate Defendants breached its duty to maintain a reasonably safe condition on its premise by failing to: implement policies and procedures to ensure a reasonably safe condition on its premise and to warn against concealed peril on the property including but not limited to: conduct criminal background checks on any and all employees, failing to fire and trespass Defendant ANDRICE from the subject property as he posed a known danger to business invitees and/or employees, failing to have adequate security, failing to train employees on how to call law enforcement, 911 or seek emergency medical care for invitees and/or employees injured or in

imminent danger on the premise, and/or failing to install security cameras and/or review security camera footage in the common areas on its property, which would have revealed the danger Defendant ANDRICE posed on the subject property prior to the subject incident due to his violent, inappropriate, and aggressive behavior.

114)    Corporate Defendants' actions and omissions as enumerated above, actually and proximately caused Plaintiffs permanent and ongoing physical injuries and damages, including but not limited to severe psychological injuries and emotional distress.

115)    Plaintiffs seek economic damages, compensatory damages including but not limited to any and all medical bills and wage loss, physical injury, severe psychological and emotional injuries, pain and suffering, in an amount to be proven at trial, but which is alleged to be in excess of $75,000.00 including interest, together with costs and reasonable attorney's fees incurred herein.

**WHEREFORE**, Plaintiffs requests that this Honorable Court:

a)   Award Plaintiffs compensatory damages including but not limited to any and all medical bills and wage loss, physical injury, severe psychological and emotional injuries, pain and suffering, in an amount to be proven at trial, but which is alleged to be in excess of $75,000.00 including interest, together with costs and reasonable attorney's fees incurred herein;

b)   Award a monetary judgment representing prejudgment interest on his damages award;

c)   Award Plaintiffs punitive damages;

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**
CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS
22

d) Award Plaintiffs costs, expenses, reasonable attorneys' fees and any other compensation allowed by law; and

e) Grant Plaintiffs such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

## COUNT IX: GENERAL NEGLIGENCE AGAINST CORPORATE DEFENDANTS

116) Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 56 above as if set out in full herein.

117) At all times material hereto, Corporate Defendants owned and were in control, possession of the subject premises located at: 17331 Pines Blvd., Pembroke Pines, Florida 33029 as a subsidiary of Defendant WENDY'S.

118) Corporate Defendants undertook duties and promulgated a Company Code of Business Conduct and Ethics that upon information and belief, was last updated in 2017 and has been maintained on Wendy Co.'s website (hereinafter "The Code"). Wendy's Co. and its subsidiaries contend that they are committed to the highest standards of integrity and fair dealing and in compliance with the law. Defendant Wendy's Co. further contends that it expects all directors and employees to reflect the following standards in their day-to-day dealings on behalf of the company. The Code applies to Wendy's and to subsidiary companies including Wendy's International, LLC, and is a guide to legal and ethical behavior. The Code requires employees to act with honesty and integrity, and each employee must accept personal accountability for his or her behavior and compliance with applicable Wendy's policies and The Code, and states that the

principles reflected in The Code, "set the minimum standards by which employees must conduct their professional lives."

119) Wendy's Co. undertook the following duties in regard to its employees, directors and subsidiaries:

a) The Company will not condone any form of harassment, intimidation or discrimination with our franchisees based on race, color, religion, gender, sexual orientation, gender identity, national origin, age, disability or other group status protected by law. Wendy's is committed to maintaining a work environment that is free of discrimination, including harassment, on the basis of any legally protected status. Wendy's will not tolerate *any form* of harassment against any Wendy's employee based upon his or her protected status by anyone, including other Wendy's employees or franchise employees. All employees must avoid any behavior or conduct that could reasonably be interpreted as harassment; this is particularly true of our management and other supervisory personnel. The conduct prohibited by this policy includes all unwelcome conduct, whether verbal, physical or visual, that is based upon a person's protected status under law, such as race, color, religion, gender, sexual orientation, gender identity, national origin, age, disability or other group status protected by law. It includes epithets, slurs, negative stereotyping or intimidating acts that are based on a person's protected status, as well as written or graphic material circulated or posted within the Company (including via electronic mail) that shows hostility toward a person because of his or her protected status.

b) The Code specifically prohibits sexual harassment and states: "Guidelines issued by the Equal Employment Opportunity Commission define sexual harassment as including unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature not only when the conduct is made as a condition of employment, but also when the conduct creates an intimidating, hostile or offensive working environment. Prohibited conduct includes (1) explicit demands for sexual favors; (2) sex-oriented verbal kidding, teasing or jokes; (3) continued or repeated verbal abuse of a sexual nature; (4) graphic or degrading comments about an individual or his or her appearance; (5) the display of sexually suggestive objects or pictures; (6) subtle pressure for sexual activity; (7) unwelcome physical contact such as patting, hugging, pinching or brushing against another's body; and (8) discussions about sexual behavior or interests.

c) The Code prohibits crude language in the work place and states: "*Use Appropriate Language When Communicating with Others.* The Company expects its employees to refrain from using inappropriate language when communicating with

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

others. Inappropriate language includes unwanted, deliberate, repeated, unsolicited profanity, cussing, swearing, and vulgar, insulting, abusive or crude language."

d) The Code Requires employees to: "***Refrain From Violence in the Workplace.*** Threats, threatening and abusive behavior, or acts of violence (verbal or physical) against employees, customers or other individuals or against Company property by anyone on Company premises or while on Company business will not be tolerated."

e) The Code states, "***Equal Employment Opportunity is Both Policy and Practice at Wendy's.*** It is in the Company's best interest to use the skills and abilities of its employees to the fullest extent without regard to factors unrelated to job performance. Specific objectives of Wendy's policy are to: Comply with all applicable laws regarding equal employment; Ensure that the concepts of equal employment opportunity are understood by managers, supervisors and officers; recruit, hire, train and promote the best qualified individuals based upon relevant factors such as qualifications for the position and work quality and experience, without regard to factors that are unrelated to our legitimate business, such as race, color, religion, gender, sexual orientation, gender identity, national origin, age, disability or other group status protected by law; and to ensure that all employment decisions, such as compensation, benefits, transfers, layoffs and re-hires are made in accordance with these objectives.

f) The Code **encourages employees to raise concern relating to compliance with the Code, policies, and applicable law and to report misconduct and non-compliance to supervisors and management.**

g) The Code states: "**Management and other supervisory personnel responsible for supporting this policy by maintaining an "open door' for direct reports from employees.** Management and other supervisory personnel, including our officers, have a special responsibility to lead according to the standards set out in this Code. They must adhere to and promote our "open door" policy and assist employees in their understanding of the Company's policies, as well as its mission and strategy.

h) The Code prohibits Retaliation: "No person will be subject to disciplinary or other retaliatory action by raising any concern based on a reasonable belief that this Code, other Company policy or applicable law has been violated. Any such retaliatory action will be grounds for discipline, up to and including discharge. Wendy's will not tolerate any reprisal or retaliation against a person who, in good faith, reports a known or suspected violation of the law or of Company policy, including the Code. Wendy's will take disciplinary action, up to and including termination of employment, against any employee or officer involved in retaliation.

i)  The Code appointed a Compliance Officer (the "Compliance Officer") who has ultimate responsibility for overseeing compliance with the Code, other Company policies and applicable laws; however, The Code does not expressly require Managers to report noncompliance to the Compliance Officer.

j)  The Code prohibits the occurrence of unethical or unlawful behavior and to halt such behavior as soon as reasonably possible after its discovery and sets forth procedures for reporting and investigating violations of The Code.

k)  The Code states in regard to reporting: "Any employee having a concern about these matters should register his or her concern in accordance with the procedures set forth under the Section of this Code entitled "Reporting Complaints." If you feel that this policy has been violated by anyone with whom you come into contact on the job, regardless of whether it is by a fellow worker, a supervisor, vendor, supplier, customer, or a member of the general public, you MUST IMMEDIATELY report this incident to Human Resources, a member of the management team, your supervisor, or whoever is in charge in the event these individuals are unavailable. You may also report to the Compliance Officer or the Compliance Hotline."

l)  The Code states the following regarding investigations: "The Company will investigate promptly all allegations based on a reasonable belief that this Code, related Company policies or applicable laws have been violated.  The Company will take necessary steps to stop unlawful or unethical behavior and will take appropriate disciplinary action (up to and including discharge) against those who violate this Code or other Company policies (even if such violations do not constitute a violation of law) or for such other reasons as the Company deems appropriate, including taking action against individuals responsible for the failure to reasonably detect a violation or to supervise employees in the fulfillment of their responsibilities in a manner consistent with this Code and other Company policies.  All employees are expected to cooperate fully in any investigation of a complaint under this Code or related Company policies. The Compliance Officer will report the results of the investigation and resolution to the individual(s) who made the report, if he or she left his or her name, to the extent required by and in accordance with applicable laws.  Where not required by applicable law to report back to the individual(s) who made the report, the Compliance Officer, nonetheless, may report back to that individual(s) at the Compliance Officer's discretion.  In all cases, the Compliance Officer will take appropriate action to ensure (1) the prompt and consistent enforcement of this Code, (2) a fair process by which to determine violations and (3) that illegal action is dealt with swiftly and violators are reported to the appropriate authorities."

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

m) The Code states the following in regard to discipline: "If a complaint pursuant to this harassment policy is found to have merit, Wendy's will take appropriate disciplinary action against the offender, up to and including dismissal from employment. After investigating complaints of harassment under this policy, Wendy's may impose discipline for inappropriate conduct that comes to its attention, without regard to whether the conduct constitutes a violation of law or even a violation of this policy."

120)   Defendants breached the duties enumerated above by: failure to properly train and supervise employees to comply with "The Code," including but not limited to: reporting requirements, investigation requirements, preventing and reporting racial discrimination, preventing and reporting sexual assaults and/or batteries, physical abuse, and verbal abuse, failure to properly supervise employees including management and supervisors, and/or failure to require management to report violations to corporate, failure to terminate Defendant Andrice after having knowledge that he used foul language, sexually intimidated, assaulted and/or battered minor female employees including Plaintiffs T.L. and M.W., physically abused Plaintiffs T.L. and M.W. whom are two minor female employees, committed crimes on the subject property, and/or discriminated against Plaintiffs T.L. and M.W. based on their race.  In addition, Corporate Defendants breached said duty by not having a procedural mechanism to hold management and supervisors accountable for violations and/or failure to report misconduct, by failing to conduct an investigation into prior reports of misconduct and the misconduct that is the subject of this Complaint, failure to discipline the managers to whom Plaintiffs reported prior misconduct and this incident, and failure to report the commission of crimes to law enforcement.

121)   Defendants' actions and inactions actually and proximately caused the ongoing and permanent injuries and damages sustained by Plaintiffs.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**
CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS
27

122)    Plaintiffs seek economic damages, compensatory damages including but not limited to any and all medical bills and wage loss, physical injury, severe psychological and emotional injuries, pain and suffering, in an amount to be proven at trial, but which is alleged to be in excess of $75,000.00 including interest, together with costs and reasonable attorney's fees incurred herein.

**WHEREFORE**, Plaintiffs requests that this Honorable Court:

a)  Award Plaintiffs compensatory damages including but not limited to any and all medical bills and wage loss, physical injury, severe psychological and emotional injuries, pain and suffering, in an amount to be proven at trial, but which is alleged to be in excess of $75,000.00 including interest, together with costs and reasonable attorney's fees incurred herein;

b)  Award a monetary judgment representing prejudgment interest on his damages award;

c)  Award Plaintiffs punitive damages;

d)  Award Plaintiffs costs, expenses, reasonable attorneys' fees and any other compensation allowed by law; and

e)  Grant Plaintiffs such other and further relief as this court deems equitable and just.

### JURY TRIAL DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

### COUNT X: VIOLATION OF 42 U.S.C. § 1981 – RACE DISCRIMINATION – DISPARATE TREATMENT - AGAINST CORPORATE DEFENDANTS

123)    Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1

through 56 above as if set out in full herein.

124)  Black citizens of Jamaican and Bahamian ancestry are a "race" within the meaning of 42 U.S.C.A. § 1981.

125)  T.L. is a Black citizen, of Jamaican and Bahamian ancestry, and therefore is a member of a racial minority.

126)  At all times relevant, T.L. was in a contractual relationship with the Corporate Defendants within the meaning of 42 U.S.C. § 1981, as amended.

127)  M.W. is a Black citizen, of Bahamian ancestry, and therefore was a member of a racial minority.

128)  At all times relevant, M.W. was in a contractual relationship with the Corporate Defendants within the meaning of 42 U.S.C. § 1981, as amended.

129)  During the course of T.L. and M.W.'s employment with Defendants, Corporate Defendants violated T.L. and M.W.'s rights by depriving them of their rights to the enjoyment of all benefits, privileges, terms and conditions of their employment contract as is enjoyed by non-Black, Jamaican and Bahamian American citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

130)  During the course of T.L. and M.W.'s employment with Defendants, T.L. and M.W. did not enjoy the same benefits, privileges, terms and conditions of employment, as have non-Black citizens of Jamaican and/or Bahamian ancestry, who were employees of the Corporate Defendants.

131)  Defendants' treatment, practices and policies directed toward T.L. and M.W., as

more fully described in paragraphs 23 through 56 of this Complaint, denied T.L. and M.W. the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by non-Black citizens of Jamaican and/or Bahamian ancestry citizens, in violation of 42 U.S.C.A. § 1981, as amended.

132)    Defendants' treatment, practices and policies directed toward T.L. and M.W., as more fully described in paragraphs 23 through 56, denied T.L. and M.W. the right to make and enforce contracts as enjoyed by non-Black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

133)    Corporate Defendants did not subject its employees who were not Black citizens of Jamaican or Bahamian ancestry to a hostile work environment in which they are constantly physically and sexually abused, belittled, spoken to in a derogatory tone or expression, harassed, micromanaged, reprimanded and disciplined as was T.L. and M.W., who was an employee of the Black race and Jamaican and/or Bahamian ancestry. This disparity in the Corporate Defendants' treatment of T.L. and M.W., and/or response or lack thereof to their complaints and pleas for help which caused T.L. and M.W. to be subjected to batteries, assaults, discrimination, and a hostile work environment, was solely on the basis of T.L.'s and M.W.'s race and/or national origin, as those terms are used under 42 USC § 1981.

134)    Through Corporate Defendants' actions and treatment of T.L. and M.W., Corporate Defendants intended to discriminate against T.L. and M.W. on the basis of T.L. and M.W.'s race/ethnicity.

135)    During the course of T.L. and M.W.'s employment with Defendants, T.L. and

M.W. were subjected to a discriminatory, hostile, and offensive work environment because of their race/ethnicity, as more fully described in paragraphs 23 through 56 of this Complaint.

136)    Defendants, at all times, had knowledge of the discriminatory acts and conduct by Manager Andrice as described in this Complaint.

137)    Despite knowing about Manager Andrice's unlawful actions, Corporate Defendants failed to take action. Based on information and belief, Corporate Defendants did not admonish Manager Andrice, nor did the Corporate Defendants, fire, suspend, reprimand, or investigate these employees.

138) As a direct and proximate result of the foregoing, T.L. and M.W. have suffered embarrassment, humiliation, emotional distress, pain and mental anguish, and other forms of damage.

139) As a direct, legal, and proximate result of Corporate Defendants' discrimination in violation of Section 1981, T.L. and M.W. have been denied employment opportunities providing substantial compensation and benefits, thereby entitling them to injunctive and equitable monetary relief; and T.L. and M.W. have suffered anguish, humiliation, distress, pain and mental anguish, inconvenience and loss of enjoyment of life, thereby entitling Plaintiffs T.L. and M.W. to damages in an amount to be proven at trial.

140)In its discriminatory actions as alleged above, Corporate Defendants acted with malice or reckless indifference to the rights of T.L. and M.W., thereby entitling T.L. and M.W. to an award of punitive damages.

**WHEREFORE**, Plaintiffs demand judgment against Corporate Defendants, as follows:

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**
CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

a) Enter judgment in Plaintiffs' favor and against Defendants for its violations of 42 U.S.C.A. § 1981, as amended;

b) Award Plaintiffs actual damages suffered;

c) Award Plaintiffs compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress, pain and mental anguish Plaintiffs have suffered;

d) Award Plaintiffs punitive damages;

e) Award Plaintiffs prejudgment interest on their damages award;

f) Enjoin Defendants, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiffs and any employee;

g) Award Plaintiffs reasonable costs and attorney's fees; and

h) Grant Plaintiffs such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

## COUNT XI: VIOLATION OF 42 U.S.C. § 1981 – RACE DISCRIMINATION – HOSTILE WORK ENVIRONMENT

141) Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 56 above as if set out in full herein.

142) Black citizens of Jamaican and Bahamian ancestry are a "race" within the meaning of 42 U.S.C.A. § 1981.

143) T.L. is a Black citizen, of Jamaican and Bahamian ancestry, and therefore is a

member of a racial minority.

144) At all times relevant, T.L. was in a contractual relationship with the Corporate Defendants within the meaning of 42 U.S.C. § 1981, as amended.

145) M.W. is a Black female of Bahamian ancestry, and therefore is a member of a racial minority.

146) At all times relevant, M.W. was in a contractual relationship with the Corporate Defendants within the meaning of 42 U.S.C. § 1981, as amended.

147) At all times relevant, T.L. and M.W. were in a contractual relationship with Corporate Defendants within the meaning of 42 U.S.C. § 1981, as amended.

148) During the course of T.L. and M.W.'s employment with Corporate Defendants, the Corporate Defendants violated Plaintiffs' rights by depriving them of their rights to the enjoyment of all benefits, privileges, terms and conditions of their employment contracts as is enjoyed by non- Black, Jamaican and/or Bahamian citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

149) During the course of T.L. and M.W.'s employment with Corporate Defendants, T.L. and M.W. have not enjoyed the same benefits, privileges, terms and conditions of employment, as have non-Black, Jamaican and/or Bahamian employees of Defendants.

150) Defendants' treatment, practices and policies directed toward T.L. and M.W., as more fully described in paragraphs 23 through 56 of this Complaint, denied T.L. and M.W. the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by non-Black, Jamaican and Bahamian citizens, in violation of 42 U.S.C.A. § 1981, as amended.

151)Corporate Defendants did not subject its employees who were not Black citizens of Jamaican or Bahamian ancestry to a hostile work environment in which they are constantly physically and sexually abused, belittled, spoken to in a derogatory tone or expression, harassed, micromanaged, reprimanded and disciplined as was T.L. and M.W., who were employees of the Black and Jamaican and Bahamian race or ancestry. This disparity in the Corporate Defendants' treatment of T.L. and M.W., and/or response or lack thereof to their complaints and pleas for help which caused T.L. and M.W. to be subjected to batteries and a hostile work environment, was solely on the basis of T.L. and M.W.'s race, as that term is used under 42 USC § 1981.

152)Defendants' treatment, practices and policies directed toward T.L., as more fully described in paragraphs 23 through 56, denied T.L. and M.W. the right to make and enforce contracts as enjoyed by non-Black, Jamaican and Bahamian citizens, in violation of 42 U.S.C.A. § 1981, as amended.

153)Through its actions and treatment of T.L. and M.W., Corporate Defendants intended to discriminate against T.L. and M.W. on the basis of T.L. and M.W.'s race/ethnicity.

154)During the course of T.L. and M.W.'s employment with Corporate Defendants, T.L. and M.W. were subjected to a discriminatory, hostile, and offensive work environment because of their race/ethnicity, as more fully described in paragraphs 23 through 56 of this Complaint.

155)Corporate Defendants, at all times, had knowledge of the discriminatory acts and conduct by Manager Andrice as described in this Complaint.

156)Despite T.L. and M.W.'s complaints and Corporate Defendants' knowledge of the

discriminatory acts and/or conduct, Corporate Defendants took no appropriate remedial action. Corporate Defendants failed to admonish, fire, suspend, reprimand, or investigate Manager Andrice.

157) The discriminatory environment was so pervasive that it amounted to a hostile work environment for Plaintiffs T.L. and M.W.

158) As a direct and proximate result of the foregoing, T.L. and M.W. suffered embarrassment, humiliation, emotional distress, pain and mental anguish, and other forms of damage.

159) As a direct, legal, and proximate result of Defendants' discrimination in violation of Section 1981, T.L. and M.W. have been denied employment opportunities providing substantial compensation and benefits, thereby entitling them to injunctive and equitable monetary relief; and they have suffered anguish, humiliation, distress, pain and mental anguish, inconvenience and loss of enjoyment of life, thereby entitling T.L. and M.W. to damages in an amount to be proven at trial.

160) In its discriminatory actions as alleged above, Defendants acted with malice or reckless indifference to the rights of T.L. and M.W., thereby entitling T.L. and M.W. to an award of punitive damages.

**WHEREFORE,** Plaintiffs requests that this Honorable Court:

a) Enter judgment in Plaintiffs' favor and against Defendants for its violations of 42 U.S.C.A. § 1981, as amended;

b) Award Plaintiffs actual damages suffered;

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**
CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

c) Award Plaintiffs compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress, pain and mental anguish Plaintiffs have suffered;

d) Award Plaintiffs punitive damages;

e) Award Plaintiffs prejudgment interest on their damages award;

f) Enjoin Defendants, its officers, agents, employees, and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiffs and any employee;

g) Award Plaintiffs reasonable costs and attorney's fees; and

h) Grant Plaintiffs such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

## COUNT XII: VIOLATION OF 42 U.S.C. § 1981 – RACE DISCRIMINATION – CONSTRUCTIVE DISCHARGE AGAINST CORPORATE DEFENDANTS

161) Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 through 56 above as if set out in full herein.

162) Black citizens of Jamaican and/or Bahamian ancestry are a "race" within the meaning of 42 U.S.C. § 1981.

163) T.L. is a Black citizen, of Jamaican and Bahamian ancestry, and therefore is a member of a racial minority.

164) M.W. is a Black female of Bahamian ancestry, and therefore is a member of a racial minority.

RAND LAW, LLC AND SAENZ & ANDERSON, PLLC
CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

165) At all times relevant, M.W. was in a contractual relationship with the Corporate Defendants within the meaning of 42 U.S.C. § 1981, as amended.

166) At all times relevant, T.L. and M.W. were in a contractual relationship with Corporate Defendants within the meaning of 42 U.S.C. § 1981, as amended.

167)   On or about March 26, 2021, during the course of T.L. and M.W.'s employment with Corporate Defendants, the Corporate Defendants violated T.L. and M.W.'s rights by depriving them of their right to the enjoyment of all benefits, privileges, terms and conditions of their employment contract as is enjoyed by non- Black, Jamaican and Bahamian citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

168)   During the course of T.L. and M.W.'s employment with Defendants, since on or about March 26, 2021, T.L. and M.W. did not enjoy the same benefits, privileges, terms and conditions of employment, as have non- Black, Jamaican and Bahamian employees of the Corporate Defendants.

169)   Corporate Defendants' treatment, practices and policies directed toward T.L. and M.W., as more fully described in paragraphs 48 through 56 of this Complaint, denied T.L. and M.W. the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by non- Black, Jamaican and Bahamian citizens, in violation of 42 U.S.C.A. § 1981, as amended.

170)   Corporate Defendants' treatment, practices and policies directed toward T.L. and M.W., as more fully described in paragraphs 23 through 56, denied Plaintiffs T.L. and M.W. the right to make and enforce contracts as enjoyed by non- Black, Jamaican and Bahamian citizens, in violation of 42 U.S.C.A. § 1981, as amended.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**
CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

171) Through its actions and treatment of T.L. and M.W., Corporate Defendants intended to discriminate against T.L. and M.W. on the basis of Plaintiffs' race/ethnicity, by continuing to employ Manager Andrice after becoming aware that Manager Andrice physically beat T.L. and M.W. in the face with his closed fist.

172) T.L. and M.W. complained of Defendants' discriminatory and abusive conduct.

173) Despite T.L. and M.W.'s complaints and Defendants' knowledge of the discriminatory acts and/or conduct, Defendants took no appropriate remedial action. Rather, it is T.L.'s and M.W.'s belief that Corporate Defendants continue to employ Defendant Andrice.

174) Upon information and belief, on or about March 26, 2021 after T.L. and M.W. endured severe and pervasive harassment, hostility, and discrimination from the Defendants, culminated by Manager Andrice repeatedly hitting T.L. and M.W., Corporate Defendants continued to employ Manager Andrice and subject T.L. and M.W. to the same unsafe, hostile, abusive and physically harmful environment. T.L. and M.W. informed Defendants that they were afraid to work with Manager Andrice, and, to date, Wendy's continues to employ Manager Andrice and no alternative employment has been offered to T.L. and M.W. Accordingly, Wendy's has constructively discharged T.L. and M.W.

175) When the Corporate Defendants continued to employ Manager Andrice, after the March 26, 2021 incident where Manager Andrice repeatedly hit T.L. and M.W., the Corporate Defendants violated T.L. and M.W.'s rights by depriving him of his right to the enjoyment of all benefits, privileges, terms and conditions of his employment as is enjoyed by citizens of non-Black, Jamaican and Bahamian ancestry or descent, in violation of 42 U.S.C.A. § 1981(b), as amended.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**
CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

176)   When the Corporate Defendants terminated T.L. and M.W., the Corporate Defendants prevented T.L. and M.W. from enjoying the same benefits, privileges, terms and conditions of employment, as have citizens of non-Black, Jamaican and Bahamian ancestry or descent, who remained employed by the Corporate Defendants.

177)   T.L. and M.W.'s termination denied T.L. and M.W. the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by citizens of non-Black, Jamaican and Bahamian ancestry or descent, in violation of 42 U.S.C.A. § 1981, as amended.

178)   T.L. and M.W.'s termination denied T.L. and M.W. the right to make and enforce contracts as enjoyed by citizens of non-Black, Jamaican and Bahamian ancestry or descent, in violation of 42 U.S.C.A. § 1981, as amended.

179)   The Corporate Defendants knowingly intended to retaliate against T.L. and M.W. on the basis of T.L. and M.W.'s Black and Jamaican and Bahamian race or ancestry.

180)   Upon information and belief, Corporate Defendants, at all times material, participated in and supported the retaliatory acts and conduct described herein.

181)   T.L. and M.W.'s Black and Jamaican and Bahamian race and ancestry was a motivating factor that caused the Corporate Defendants to retaliate against T.L. and M.W. for complaining about the discriminatory conduct.

182)   As a direct, legal, and proximate result of Corporate Defendants' discrimination in violation of Section 1981, T.L. and M.W. have been denied employment opportunities providing substantial compensation and benefits, thereby entitling them to injunctive and equitable monetary relief; and they have suffered humiliation, distress, pain and mental anguish, inconvenience and

loss of enjoyment of life, thereby entitling T.L. and M.W. to damages in an amount to be proven at trial.

183)    T.L. and M.W. have suffered damages of an on-going and continuous nature.

184)    In its discriminatory actions as alleged above, Corporate Defendants acted with malice or reckless indifference to the rights of T.L. and M.W., thereby entitling T.L. and M.W. to an award of punitive damages.

**WHEREFORE**, Plaintiffs requests that this Honorable Court:

a)  Enter judgment in Plaintiffs' favor and against Defendants for its violations of 42 U.S.C.A. § 1981, as amended;

b)  Award Plaintiffs actual damages suffered;

c)  Award Plaintiffs compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress, pain and mental anguish Plaintiffs have suffered;

d)  Award Plaintiffs punitive damages;

e)  Award Plaintiffs prejudgment interest on their damages award;

f)  Enjoin Defendants, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiffs and any employee;

g)  Award Plaintiffs reasonable costs and attorney's fees; and

h)  Grant Plaintiffs such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS

40

Dated: May 14, 2021.

By: s/ Jasmine Rand
Jasmine Rand, Esquire
Fla. Bar No.: 0077047
E-Mail:jasminerand@gmail.com

RAND LAW, LLC
2525 Ponce de Leon Blvd., Ste 300
Miami, Florida 33134
Telephone: (305) 906-6400
Facsimile: (305) 503-9235
*Trial Counsel for Plaintiffs*

By: s/ Tanesha Walls Blye
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
E-Mail: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
E-Mail: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
E-mail: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Trial Counsel for Plaintiffs*

**RAND LAW, LLC AND SAENZ & ANDERSON, PLLC**

CIVIL RIGHTS AND EMPLOYMENT TRIAL ATTORNEYS